UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARIM "KC" KANAAN,

    Plaintiff,

    v.

FREESCALE SEMICONDUCTOR, INC.,

    Defendant.
_____/

No. C 06-7485 PJH

**ORDER GRANTING MOTION TO REMAND**

Before the court is the motion of plaintiff Karim "KC" Kanaan for an order remanding this case to the Superior Court of California, County of San Francisco, and motion for attorneys' fees. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to remand and DENIES the motion for attorneys' fees.[1]

## BACKGROUND

This is a case involving an employment dispute. Plaintiff alleges that in March 2006, while he was a resident of California, defendant Freescale Semiconductor, Inc. ("Freescale") solicited him to apply for a position reporting to Senior Vice President Franz Fink ("Fink"). Freescale is a Delaware corporation with its principal place of business in Texas. Plaintiff alleges that he traveled to Texas to interview with several Freescale executives.

Plaintiff asserts that in April 2006, Freescale's Director of Human Resources called

---

[1] The court finds the motion to be appropriate for decision without oral argument. See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (court's consideration of moving and opposition papers is deemed adequate substitute for formal hearing). The date for the hearing on the motion, previously set for February 14, 2007, is VACATED.

him to offer him the position of Director of Global Strategy, reporting to Fink.  Plaintiff accepted the employment with Freescale, and resigned his position in California.  Shortly before beginning his employment, plaintiff learned that Fink was being replaced.  Freescale initially told plaintiff he would be required to submit to further interviews.

Plaintiff claims that in mid-June 2006, he told Fink's replacement that he was about to move his family to Texas, and didn't want to do that if his job with Freescale was in jeopardy.  Plaintiff contends that he was told that he would have a job, although the exact title and responsibilities were not certain.  Based on these assurances, plaintiff asserts that he put the family home in California up for sale, moved his family to Texas, and bought a house in Texas.

At that point, according to plaintiff, Fink's replacement told him he did not have sufficient technical background for the position he had been offered.  Kaivan Karimi ("Karimi") then assumed that position, and plaintiff was told he could either accept a demotion to a position reporting to Karimi, sign a severance agreement and leave the company, or find another job with Freescale.  Plaintiff apparently opted for the first alternative.  He asserts that in early and mid-August, he communicated extensively with Karimi in an attempt to define his new position, but maintains that Karimi never succeeded in clarifying the position or the criteria that would be used in measuring success at the job.

Plaintiff alleges that he was offered no other job at Freescale, and that he was finally terminated in October 2006.  Plaintiff filed this action in San Francisco Superior Court on October 27, 2006, alleging state law causes of action for promissory fraud, intentional and negligent infliction of emotional distress, negligent misrepresentation, and violation of California Labor Code § 970.

On December 6, 2006, Freescale removed the action, alleging diversity jurisdiction.  Freescale asserted that complete diversity existed between the parties.  Freescale alleged that it was a Delaware corporation with its principal place of business in Texas, and alleged further, on information and belief, that plaintiff was a citizen of California, based on the fact that plaintiff had alleged in the complaint that he "at all relevant times mentioned herein was

a resident of the State of California." Plaintiff now seeks an order remanding the case, arguing that removal was improper because there is no complete diversity between the parties.

**DISCUSSION**

A.   Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).

A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's complaint, or this fact is disclosed in other pleadings, motions, or papers "from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). For removal purposes, diversity must exist both at the time the action was commenced and at the time of removal. See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).

After removal, the plaintiff may challenge the allegations of the removal notice. The burden is on the defendant to prove the existence of jurisdictional facts, such as complete diversity. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). In addition, lack of removal jurisdiction can be raised by the court or any party at any time. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).

There is a "strong presumption" against removal jurisdiction. Gaus, 980 F.2d at 566. Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

B.   Plaintiff's Motion to Remand

Plaintiff argues that removal was improper because there is no complete diversity between the parties. He contends that at the time the complaint was filed, he had been living with his family in Texas for more than six months, where he had purchased a home.

3

He claims that he was actively seeking employment locally, and that his intention was to remain in Texas with his family.

A party invoking diversity jurisdiction must allege the actual citizenship of the relevant parties and the existence of complete diversity must be confirmable. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Citizenship is determined by one's "state of domicile," not his state of residence. Id. A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. Id. (citing Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986)).

The complaint filed in the San Francisco Superior Court does not allege the state of plaintiff's citizenship. It is true that the state court complaint alleges that "plaintiff . . . at all relevant times mentioned herein was a resident of the State of California." Cplt. ¶ 1. However, the facts alleged in the complaint also indicate that in the summer of 2006, plaintiff sold his California home and moved with his family to Texas, where he purchased another home. Thus, the state of plaintiff's citizenship is not completely clear from the face of the complaint.

Moreover, defendant alleges that plaintiff is a citizen of California "on information and belief." A petition alleging citizenship on information and belief is insufficient to establish complete diversity. See, e.g., Bradford v. Mitchell Bros. Truck Lines, 217 F.Supp. 525, 527 (N.D. Cal. 1963). This is particularly true in the present case, where plaintiff has submitted a declaration stating that he moved from Texas to California to accept a position with Freescale; that he purchased a home in Texas in June 2006; that he was living in that home with his wife and family in October 2006; and that since leaving Freescale in October 2006, he has actively sought employment in the Austin, Texas, area where he intends to remain. He states further that his children enrolled in Texas schools in August 2006, that they are currently attending school in Texas, and that he coached his son's football team in Texas from late August through late November 2006.

Defendant offers no evidence in opposition to plaintiff's declaration, and no evidence supporting the allegation that plaintiff is a citizen of California. Defendant questions

4

plaintiff's representation that he is a citizen of Texas, based on the fact that plaintiff signed his January 5, 2007, declaration in California (where his attorney is located); and also based on the fact that plaintiff asserts in his declaration that he was living in Texas in September and October 2006, but does not specify his state of citizenship as of December 6, 2006, the date of removal. Defendant argues that regardless of whether plaintiff was a citizen of Texas on October 27, 2006, when he filed the complaint, the case would be removable if plaintiff had relocated to California as of the date of removal.

The court finds that defendant has failed to meet its burden of establishing that complete diversity exists between the two parties. Plaintiff has provided sufficient evidence to challenge the allegations of the removal notice, and defendant has provided no evidence to rebut plaintiff's declaration.

Defendant suggests that the court should hold an evidentiary hearing so that plaintiff can be questioned regarding his citizenship, or should permit defendant to conduct discovery regarding plaintiff's citizenship. The court does not agree with this proposal. As noted above, the standard in the Ninth Circuit is that any doubt as to removability is to be resolved in favor of remanding the case to state court. Matheson, 319 F.3d at 1090. Defendant has made no showing to overcome the "strong presumption" against removal jurisdiction. See Gaus, 980 F.2d at 566. The court finds that plaintiff has adequately established that the action should be remanded.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion is GRANTED, and this case is REMANDED to the Superior Court of California, County of San Francisco. The request for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2007

PHYLLIS J. HAMILTON
United States District Judge

5